IN THE UNITED STATES BANKRUPTCY COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION

|  |  |
|---|---|
| IN RE | ) |
| BULLDOG TIRE RECYCLING, INC., | ) CASE NO. 09-37990-H3-11 |
| Debtor, | ) |

## MEMORANDUM OPINION

The court has held a hearing on the "Motion of United States Trustee to Convert Case to Chapter 7" (Docket No. 226). The following are the Findings of Fact and Conclusions of Law of the court. The court will separately enter the "Agreed Order Dismissing Case With Prejudice" submitted by the United States Trustee, Debtor, and TCEQ. To the extent any of the Findings of Fact are considered Conclusions of Law, they are adopted as such. To the extent any of the Conclusions of Law are considered Findings of Fact, they are adopted as such.

### Findings of Fact

Bulldog Tire Recycling, Inc. ("Debtor") filed a voluntary petition under Chapter 11 of the Bankruptcy Code on October 23, 2009. The court takes judicial notice of the pleadings filed in the above captioned case, the docket sheet, and the orders of this court.

During the pendency of this case, Debtor has sought to sell its interests in real property located at 706 Genoa Red

Bluff Rd., Houston, Texas and personal property located at 1400 S. Travis, Cleveland, Texas.[1]  However, the sale of the properties has been complicated by environmental issues.

On June 21, 2010, the Texas Commission on Environmental Quality ("TCEQ") moved for approval of an agreement lifting stay to permit TCEQ's designee to remove scrap tires from the Genoa Red Bluff property.  After Debtor responded, Debtor and TCEQ entered into a compromise permitting TCEQ's designee to remove 334 tons of tires.  The compromise was approved, by order entered July 21, 2010 (Docket No. 85).

On October 22, 2010, the United States Trustee ("UST") moved to dismiss, on grounds Debtor had failed to file a plan and disclosure statement, maintain general liability insurance, file monthly operating reports, report disbursements, and pay quarterly fees.  (Docket No. 99).

On October 22, 2010, Debtor (together with Thelien) sought approval of the sale of the real property and personal property located in Cleveland, Texas.

On November 24, 2010, TCEQ responded to UST's motion to dismiss, supporting dismissal, on grounds the proposed sale of the property located in Cleveland, Texas should require the purchaser to comply with applicable environmental laws--a

---

[1]The real property in Cleveland appears to have been owned by Theodore Thelien, Debtor's principal, who was the debtor in Case No. 10-30923-H3-11.

prospect TCEQ believed would prevent the proposed purchaser from completing the purchase of the property.  (Docket No. 113).

During the period of time between October, 2010 and the present time, Debtor has negotiated with potential purchasers, TCEQ, and the United States Trustee regarding the sale of the site.  The parties appeared for hearings on November 30, 2010, December 14, 2010, January 11, 2011, and January 31, 2011, before entering into an agreement regarding UST's motion to dismiss.

The agreement between Debtor and UST, which took the form of an agreed order, provided that Debtor would cure the deficiencies in filing monthly operating reports within 20 days, pay quarterly fees within 10 days, and file a plan and disclosure statement by March 1, 2011.  The order provided that if Debtor failed to comply, the case would be converted to Chapter 7.  (Docket No. 129).

On March 1, 2011, Debtor moved for an extension of time to file a plan and disclosure statement.  In the motion (which was unopposed), Debtor asserted that cause for an extension consisted of the failure of the sale of Debtor's personal property to close.  (Docket No. 139).  On March 8, 2011, the court entered an agreed order extending the deadline to March 31, 2011.  (Docket No. 140).

On March 31, 2011, Debtor filed a motion for a further extension, asserting that, although the sale of personal property

had closed, Debtor's counsel had been unable to finalize a plan and disclosure statement. (Docket No. 144). The motion, which was unopposed by UST, was granted, extending the deadline until April 20, 2011. (Docket No. 146).

On May 12, 2011, Debtor filed its first plan and disclosure statement. The parties appeared for hearings on the disclosure statement on June 14, 2011 and August 16, 2011. At the August 16, 2011 hearing, Debtor announced that it intended to amend the disclosure statement, in order to address issues raised by TCEQ.

Debtor filed its amended disclosure statement on August 22, 2011. The disclosure statement was initially set for hearing on September 29, 2011. On the joint motion of Debtor and TCEQ, the disclosure statement hearing was continued to November 3, 2011. In the motion for continuance, Debtor and TCEQ recited that they had been diligently attempting to resolve issues regarding Debtor's statutory obligations, as well as those of the potential purchaser of the property. (Docket No. 188).

At the disclosure statement hearing on November 3, 2011, Debtor announced that it had received bids on the property, and anticipated amending the disclosure statement and plan accordingly. Debtor filed its second amended disclosure statement and amended plan on November 14, 2011. (Docket Nos. 197, 198). The disclosure statement recited that Debtor had

received an offer from Ricardo Saucedo to pay $200,000 to the bankruptcy estate, and to remediate the Genoa Red Bluff property. (Docket No. 197).

A disclosure statement hearing was set for December 20, 2011. On December 19, 2011, one day before the date set for the disclosure statement hearing, UST moved to dismiss, on grounds Debtor had ceased operations, failed to obtain approval of a disclosure statement and confirmation of a plan, and failed to pay quarterly fees. (Docket No. 208).

After the December 20, 2011 hearing, Debtor did not proceed with its disclosure statement. An order was entered requiring that Debtor obtain confirmation of the plan by March 1, 2012, or the case would be dismissed without a further hearing. (Docket No. 210).

On March 1, 2012, Debtor filed a motion to extend the deadline to obtain confirmation. (Docket No. 216). UST opposed the motion. (Docket No. 217). After an evidentiary hearing on March 8, 2012, the court granted an extension of the deadline to April 15, 2012. (Docket No. 222).

On April 3, 2012, UST filed the instant motion to convert. In its motion, UST seeks conversion based on failure of Debtor to confirm a plan within a reasonable time, comply with

5

the order extending the deadline to April 15, 2012,[2] and pay quarterly fees.

TCEQ objects to the instant motion, arguing that the case should be dismissed rather than converted, because TCEQ had not been presented with a final proposal for remediation of the site, and because TCEQ would oppose any attempt by a Chapter 7 trustee to abandon the property. (Docket No. 233).

At the hearing on the instant motion, UST, Debtor, and TCEQ appeared, presenting a proposed agreed order dismissing the case. In addition, counsel appeared for WCA Waste Corporation ("WCA"). Although WCA did not file a response to the instant motion, WCA announced that it opposes dismissal, and supports conversion to Chapter 7.

Counsel for WCA asserted at the hearing that WCA had acquired a claim within the week prior to the hearing on the instant motion. He asserted that WCA, which owns property adjoining Debtor's property, is interested in purchasing Debtor's property free and clear of liens (including tax liens).

None of the parties presented additional evidence at the hearing.

---

[2]UST argued that compliance with the April 15, 2012 deadline was impossible, because Debtor had not amended the disclosure statement.

## Conclusions of Law

Section 1112(b)(1) of the Bankruptcy Code provides:

> (b)(1) Except as provided in paragraph (2) and subsection (c), on request of a party in interest, and after notice and a hearing, the court shall convert a case under this chapter to a case under chapter 7 or dismiss a case under this chapter, whichever is in the best interests of creditors and the estate, for cause unless the court determines that the appointment under section 1104(a) of a trustee or an examiner is in the best interests of creditors and the estate.

11 U.S.C. § 1112(b).

Courts consider the totality of the circumstances in determining whether there is cause for dismissal or conversion under Section 1112(b).  See Matter of Atlas Supply Corp., 857 F.2d 1061 (5th Cir. 1988).

In the instant case, there is no dispute as to cause.  However, the parties differ with respect to whether the case should be converted or dismissed.  In the instant case, it is clear that Debtor has attempted to negotiate a resolution of its environmental issues such that it would be able to realize a return on sale of its property.  The court takes into consideration the lengthy participation in the case of the UST and the TCEQ, together with the recent acquisition of a claim by WCA, which appears in part to have been in order to oppose the instant motion.  The court concludes, in the totality of the circumstances, that the best interests of creditors and the estate are served by dismissal of the above captioned Chapter 11

7

case, on the proposed form of agreed order submitted by UST, Debtor, and TCEQ.

Based on the foregoing, the separate form of "Agreed Order Dismissing Case With Prejudice" submitted by the United States Trustee, Debtor, and TCEQ will be entered.

Signed at Houston, Texas on May 4, 2012.

_____
LETITIA Z. PAUL
UNITED STATES BANKRUPTCY JUDGE